| | |
|---|---|
| Steven W. Ritcheson (SBN 174062) | Alicia I. Dearn (SBN 235169) |
| Email: swritcheson@insightplc.com | alicia@dearnlaw.com |
| **INSIGHT, PLC** | 113 W. G Street, Suite 1029 |
| 578 Washington Blvd. #503 | San Diego, CA 92101 |
| Marina del Rey, California 90292 | Telephone: (619) 837-9300 |
| Telephone: (424) 289-9191 | **BOAG LAW, PLLC** |
| Travis E. Lynch (SBN 335684) | David A. Boag (*pro hac vice pending*)* |
| Email: lynch@rhmtrial.com | dab@boagip.com |
| **ROZIER HARDT MCDONOUGH PLLC** | 447 Broadway, Suite 2-270 |
| 659 Auburn Avenue NE, Unit 254 | New York, NY 10013 |
| Atlanta, Georgia 30312 | Telephone: (202) 203-6651 |
| Telephone: (404) 564-1866 | |
| | *For Defendants* |
| *For Plaintiff MUSICQUBED INNOVATIONS, LLC* | **LIVEONE, INC. AND LIVEXLIVE, CORP** |
| **JUSTITIA LLC** | |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSICQUBED INNOVATIONS, LLC, | Case No. 2:24-cv-06066-ODW-MAR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| LIVEONE, INC. and LIVEXLIVE, CORPORATION, | |
| Defendants. | |

WHEREAS, Plaintiff MusicQubed Innovations, LLC ("Plaintiff" or "MusicQubed") and Defendants LiveOne, Inc. and LiveXLive, Corporation (together, "Defendants), collectively hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information.

PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 30, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses

of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this case.

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before

issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not

<div style="padding-left: 2em;">

presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

</div>

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a)  Access to a Party's Source Code Material shall be provided only on

|   |   |
|---|---|
| 1 | "stand-alone" computer(s) (that is, the computer may not be linked to |
| 2 | any network, including a local area network ("LAN"), an intranet or |
| 3 | the Internet).  The stand-alone computer(s) may be connected to (i) a |
| 4 | printer, or (ii) a device capable of temporarily storing electronic copies |
| 5 | solely for the limited purposes permitted pursuant to paragraphs 10 (h |
| 6 | and k) below.  Additionally, except as provided in paragraph 10(k) |
| 7 | below, the stand-alone computer(s) may only be located at the offices |
| 8 | of the producing Party's outside counsel; |

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside

    counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

|   |   |   |
|---|---|---|
| 1 | | SOURCE CODE," and the receiving Party shall maintain a log of all |
| 2 | | such files that are printed or photocopied; |
| 3 | (i) | Should such printouts or photocopies be transferred back to electronic |
| 4 | | media, such media shall be labeled "RESTRICTED CONFIDENTIAL |
| 5 | | SOURCE CODE" and shall continue to be treated as such; |
| 6 | (j) | If the receiving Party's outside counsel, consultants, or experts obtain |
| 7 | | printouts or photocopies of Source Code Material, the receiving Party |
| 8 | | shall ensure that such outside counsel, consultants, or experts keep the |
| 9 | | printouts or photocopies in a secured locked area in the offices of such |
| 10 | | outside counsel, consultants, or expert. The receiving Party may also |
| 11 | | temporarily keep the printouts or photocopies at: (i) the Court for any |
| 12 | | proceedings(s) relating to the Source Code Material, for the dates |
| 13 | | associated with the proceeding(s); (ii) the sites where any deposition(s) |
| 14 | | relating to the Source Code Material are taken, for the dates associated |
| 15 | | with the deposition(s); and (iii) any intermediate location reasonably |
| 16 | | necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to |
| 17 | | a Court proceeding or deposition); and |
| 18 | (k) | A producing Party's Source Code Material may only be transported by |
| 19 | | the receiving Party at the direction of a person authorized under |
| 20 | | paragraph 10(e) above to another person authorized under paragraph |
| 21 | | 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD- |
| 22 | | ROM, or flash memory "stick") via hand carry, Federal Express or |
| 23 | | other similarly reliable courier.  Source Code Material may not be |
| 24 | | transported or transmitted electronically over a network of any kind, |
| 25 | | including a LAN, an intranet, or the Internet.  Source Code Material |
| 26 | | may only be transported electronically for the purpose of Court |
| 27 | | proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and |
| 28 | | is at all times subject to the transport restrictions set forth herein. But, |

|   |   |   |
|---|---|---|
| 1 |   | for those purposes only, the Source Code Materials may be loaded onto |
| 2 |   | a stand-alone computer. |
| 3 | 11. | Any attorney representing a Party, whether in-house or outside counsel, and |
| 4 |   | any person associated with a Party and permitted to receive the other Party's |
| 5 |   | Protected Material that is designated RESTRICTED -- ATTORNEYS' |
| 6 |   | EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE |
| 7 |   | (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, |
| 8 |   | has access to, or otherwise learns, in whole or in part, the other Party's |
| 9 |   | HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, |
| 10 |   | prosecute, supervise, or assist in the preparation or prosecution of any patent |
| 11 |   | application pertaining to the field of the invention of the patents-in-suit on |
| 12 |   | behalf of the receiving Party or its acquirer, successor, predecessor, or other |
| 13 |   | affiliate during the pendency of this Action and for one year after its conclusion, |
| 14 |   | including any appeals. To ensure compliance with the purpose of this |
| 15 |   | provision, each Party shall create an "Ethical Wall" between those persons |
| 16 |   | with access to HIGHLY SENSITIVE MATERIAL and any individuals who, |
| 17 |   | on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, |
| 18 |   | prepare, prosecute, supervise or assist in the preparation or prosecution of any |
| 19 |   | patent application pertaining to the field of invention of the patent-in-suit. |
| 20 | 12. | Nothing in this Order shall require production of documents, information or |
| 21 |   | other material that a Party contends is protected from disclosure by the |
| 22 |   | attorney-client privilege, the work product doctrine, or other privilege, |
| 23 |   | doctrine, or immunity. If documents, information or other material subject to |
| 24 |   | a claim of attorney-client privilege, work product doctrine, or other privilege, |
| 25 |   | doctrine, or immunity is inadvertently or unintentionally produced, such |
| 26 |   | production shall in no way prejudice or otherwise constitute a waiver of, or |
| 27 |   | estoppel as to, any such privilege, doctrine, or immunity. Any Party that |
| 28 |   | inadvertently or unintentionally produces documents, information or other |

material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this

litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this

1 Action, subject to any pretrial order issued by this Court.

2. 18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other

material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall

|   |   |   |
|---|---|---|
| 1 | | discontinue the performance of and/or shall not undertake the further |
| 2 | | performance of any action alleged to constitute a violation of this Order. |
| 3 | 25. | Production of DESIGNATED MATERIAL by each of the Parties shall not |
| 4 | | be deemed a publication of the documents, information and material (or the |
| 5 | | contents thereof) produced so as to void or make voidable whatever claim the |
| 6 | | Parties may have as to the proprietary and confidential nature of the |
| 7 | | documents, information or other material or its contents. |
| 8 | 26. | Nothing in this Order shall be construed to effect an abrogation, waiver or |
| 9 | | limitation of any kind on the rights of each of the Parties to assert any |
| 10 | | applicable discovery or trial privilege. |
| 11 | 27. | Each of the Parties shall also retain the right to file a motion with the Court (a) |
| 12 | | to modify this Order to allow disclosure of DESIGNATED MATERIAL to |
| 13 | | additional persons or entities if reasonably necessary to prepare and present |
| 14 | | this Action and (b) to apply for additional protection of DESIGNATED |
| 15 | | MATERIAL. |
| 16 | 28. | INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE |
| 17 | | PROTECTED MATERIAL. |
| 18 | | When a Producing Party gives notice to Receiving Parties that certain |
| 19 | | inadvertently produced material is subject to a claim of privilege or other |
| 20 | | protection, the obligations of the Receiving Parties are those set forth in |
| 21 | | Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to |
| 22 | | modify whatever procedure may be established in an e-discovery order that |
| 23 | | provides for production without prior privilege review. Pursuant to Federal |
| 24 | | Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on |
| 25 | | the effect of disclosure of a communication or information covered by the |
| 26 | | attorney-client privilege or work product protection, the parties may |
| 27 | | incorporate their agreement in the stipulated protective order submitted to the |
| 28 | | court. |

29. Nothing in this Protective Order shall be construed as authorizing or encouraging any party to disobey a lawful subpoena or court order issued in another action.

30. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Dated: February 14, 2025         Respectfully submitted,

                    */s/ Travis E. Lynch*

                    Steven W. Ritcheson (SBN 174062)
                    **INSIGHT, PLC**
                    578 Washington Blvd. #503
                    Marina del Rey, California 90292
                    Telephone: (424) 289-9191
                    Email: swritcheson@insightplc.com

                    Travis E. Lynch (SBN 335684)
                    **ROZIER HARDT MCDONOUGH PLLC**
                    659 Auburn Avenue NE, Unit 254
                    Atlanta, Georgia 30312
                    Telephone: (404) 564-1862
                    Email: lynch@rhmtrial.com

                    *For Plaintiff MUSICQUBED INNOVATIONS LLC*

Dated: February 27, 2025         Respectfully submitted,

*/s/  Alicia I. Dearn*

**JUSTITIA LLC**
Alicia I. Dearn (SBN 235169)
alicia@dearnlaw.com
113 W. G Street, Suite 1029
San Diego, CA 92101
Telephone: (619) 837-9300

**BOAG LAW, PLLC**
David A. Boag (*pro hac vice pending*)*
dab@boagip.com
447 Broadway, Suite 2-270
New York, NY 10013
Telephone: (202) 203-6651

*For Defendants*
*LIVEONE, INC. AND LIVEXLIVE, CORP.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 3/12/2025                              _____

HON. MARGO A. ROCCONI

United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSICQUBED INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LIVEONE, INC. and LIVEXLIVE, CORPORATION,<br><br>　　　　Defendants. | Case No. 2:24-cv-06066-ODW-MAR |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____